# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                       Case No. 18-CR-142

**JOSEPH COPELAND, et. al.,**

    **Defendants.**

## ORDER ON DEFENDANTS' PRETRIAL MOTIONS

On June 26, 2018, a grand jury sitting in the Eastern District of Wisconsin returned a sixteen-count indictment charging seven defendants with various drug trafficking and firearms offenses, including conspiracy to distribute one kilogram or more of heroin and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(A). The defendants have entered pleas of not guilty. This case has been designated as complex, and jury trial before the Honorable Lynn Adelman will be scheduled after resolution of pretrial motions.

Currently before me are pretrial motions of defendants Brandon Ellis (Docket# 93) and Orlando Copeland (Docket #94). Both move for immediate disclosure of confidential informants.

## ANALYSIS

Brandon Ellis moves for the immediate disclosure of the identities of three unnamed informants (CS-4, CS-6, and CS9) who allegedly provided law enforcement information

regarding Ellis. He argues that because the government's case against him relies entirely on the alleged statements of the three informants, immediate disclosure of their identity is necessary for him to prepare for trial.

Orlando Copeland moves for immediate disclosure of the identity of CS-5. Copeland argues that immediate disclosure of CS-5's identity is necessary for the defense to investigate and determine the accuracy and truthfulness of his allegations in order to prepare for trial.

The government argues that immediate disclosure poses a potential risk to the safety of the informants. Specifically, in this case one of the other defendants (neither Ellis nor Orlando Copeland) has indicated a desire to harm informants. (Docket # 96 at 4.) However, the government acknowledges that the defendants will need the identities of some of the informants to prepare for trial. (Docket # 96 at 7.) The government proposes disclosure of the names of the testifying informants to the defendants no less than thirty days prior to trial. (*Id.*) The government also agrees that the disclosure will include the identities of the informants who made controlled buys and *Brady/Giglio* information with respect to the witnesses. (*Id.*)

The parties do not dispute the governing law. It is well-established that as a general rule, the government enjoys a limited privilege of withholding the identity of an informant. *See Roviaro v. United States*, 353 U.S. 53, 59–60 (1957); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials by preserving the informant's anonymity. *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001). The government is granted this limited privilege as a right, and need not make a

threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).

Although automatic, the government's privilege is not absolute. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60–61. The defendant bears the burden in the face of an assumption that the privilege should apply. *Valles*, 41 F.3d at 358. "The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Id.* (internal quotation and citation omitted).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the defendant. *Bender*, 5 F.3d at 270. "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." *Valles*, 41 F.3d at 358.

Here, the government does not contest the need to disclose the names of the testifying informants and the informants who participated in the controlled buys. The only issue is the timing of the disclosure. The government proposes to disclose no less than thirty days prior to trial. Both defendants argue that they need disclosure earlier than the thirty days proposed by the government. Specifically, Copeland argues he will need to retain an

investigator, he may need time to arrange an in-custody interview if the informant is in custody, he may need to obtain transcripts, and he may need time to seek funding from the court as CJA appointed counsel.

Disclosure no less than thirty days prior to trial is common practice in this district. *See United States v. Bond*, No. 10-CR-117, 2010 WL 6749142 (E.D. Wis. Dec. 6, 2010); *United States v. Mathis*, No. 09-CR-254, 2010 WL 1507881 (E.D. Wis. Apr. 14, 2010). However, balancing the need to protect the informants with the need to give the defense sufficient time to prepare, I will order that the government disclose the names of the testifying informants, the names of the informants participating in the controlled buys, and the *Brady* and *Giglio* information no less than forty-five days prior to trial. *See United States v. Tirado*, No. 16-CR-168, 2011 WL 6960847, at *18–20 (E.D. Wis. Jan. 26, 2018), *adopted by* 2011 WL 6960847, at *6–7 (E.D. Wis. Apr. 16, 2018); *United States v. Wortham*, No. 14-CR-84, 1014 WL 5431110 (E.D. Wis. Oct. 24, 2014). Thus, the defendants' motions for immediate disclosure of the identities of the informants are granted in part and denied in part.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motions for immediate disclosure of identities of confidential informants (Docket ## 93 and 94) are **GRANTED IN PART AND DENIED IN PART**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or

order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 15th day of February, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge